## HOOD v. HAMPTON PLAINS EXPLORATION CO., Limited.

(Circuit Court, D. Nevada. April 1, 1901.)

### No. 695.

Costs—Taxation—Attached Property—Allowance to Keeper.

In proceedings on objections by defendant to a taxation of costs, allowing a specified per diem to the keeper of attached property, plaintiff's affidavits in support thereof showed that the rules of court had been substantially complied with in the proceedings therefor, that the allowance was reasonable, and that a similar amount was allowed by defendant, for four years prior to the commencement of the suit, for like services. No counter affidavits were filed, and there was no denial of the facts stated in the supporting affidavits, except a statement by defendant's counsel that, in his opinion, half the sum allowed was ample compensation. Held, that there was no error in the ruling of the clerk.

### Keeper's Fees.

The property in charge of the keeper is situate in Crum Cañon, remote from habitation, and consists of mines, mining machinery, tramway, mining implements, boarding house and furniture, blacksmith shop and tools, store building and merchandise therein contained, official residence and office and furniture, bunk houses for men, mining supplies, cord wood, quartz mill and machinery, located about 18 miles from the town of Battle Mountain, in Lander county, Nev. This property was attached by the plaintiff in a suit brought against the defendant, and the sheriff placed a keeper in charge thereof, on the 5th day of March, 1900, and the judgment in the suit was rendered on the 26th day of January, 1901. 106 Fed. 408.

James F. Dennis, for plaintiff.

Torreyson & Summerfield, for defendant.

HAWLEY, District Judge (orally). This is an appeal from the clerk's ruling in allowing four dollars per day for keeper's fees. The defendant objects to the item of costs for keeper's fees upon the ground that no sufficient showing is made for the taxation of said fees; that the petition for keeper's fees does not comply with rule 17 of this court; that the petition does not set forth facts sufficient to allow any costs for keeper's fees; that there is no showing that a keeper was employed; that the sum of four dollars per day is unreasonable. The affidavits filed by plaintiff show that the provisions of rules 17–19 of this court have been substantially complied with; that the sum of four dollars per day is reasonable; that this amount was allowed by the defendant for a period of four years prior to the commencement of this suit for like services. No counter affidavit has been filed by the defendant. No denial of the facts stated in the affidavit in behalf of plaintiff, except the statement of defendant's counsel that, in his opinion, two dollars per day would be ample compensation. Taking all these facts into consideration, with the situation and character of the property mentioned in the affidavits, I am of opinion that the clerk did not err in taxing the amount at the rate of four dollars per day. The ruling of the clerk is affirmed.